### J. J. BURTON AND OTHERS V. S. A. MILLER, ADM'R.

Where the Statute provided that if the defendant failed to deliver the property according to a forthcoming bond, the Sheriff should return the bond "forfeited," whereupon the Clerk should issue execution against the principal and sureties on the bond, for the amount of the debt and costs, it was held that after the lapse of twelve months the plaintiff might have a citation (or *scire facias*) to the principal and sureties in the bond, to show cause why execution should not issue against them; and that the proceedings resulting in the bond returned "forfeited," constituted a judgment, to all intents and purposes, against the obligors in the bond.

A *scire facias* or suit on a statutory judgment is not barred under ten years.

Error from Houston. This suit was commenced October

15th, 1851.  The bond was dated August 10th, 1847, and returned forfeited on the 7th of September, 1847.

*G. F. Moore*, for plaintiff in error.

*S. A. Miller*, for defendant in error.  The first error assigned questions the action of the Court below in .overruling the exceptions of defendants below.  Burton and Long excepted generally, in the nature of a general demurrer.  Hall excepted specially, first, " that he is not a proper party," &c.

This exception is fully met and answered by the case of Austin v. Townes, (10 Tex. R. 24.)  And the same case and the principles therein maintained, are relied on by defendant in error, as fully meeting and confuting the second, third, fourth and fifth exceptions of Hall, and also the general exception of the other defendants below.


HEMPHILL, CH. J.  The defendant in error filed a petition against Burton, Long & Hall, plaintiffs in error, and others alleging that his intestate had recovered judgment against Doss, Burton & Long in the District Court, which was affirmed in the Supreme Court; that execution was issued and levied upon a negro ; and that the defendants in execution, together with James M. Hall, (now one of the plaintiffs in error,) and one Josephus Moore, joined in a replevin bond, which was returned forfeited ; that afterwards the intestate of the defendant in error departed this life, and administration was granted to the said defendant in error.  The petition prays that judgment and bond be revived, and that defendants be cited to show cause why execution should not issue against them on said judgment and said forfeited bond.  The defendants Long, Burton & Moore pleaded a general demurrer and general denial.  The defendant Hall assigned special causes of exception, and a denial.  The exceptions were overruled and the cause has been brought up by writ of error.

The errors assigned are, 1st. In overruling the exceptions of defendants ; and,

2nd. In giving judgment for plaintiff.

It is admitted by the plaintiffs in error, that the original judgment, being unsatisfied, might be revived so as to entitle the defendant in error, as administrator of the deceased plaintiff, to execution ; but they contend that the right to revive a judgment by *scire facias* is purely a statutory remedy, and there being no judgment against the parties in the replevin bond, there is nothing to be revived as against them; for although execution is authorized on such bond when forfeited, yet it is not thereby made a judgment, nor does it have the force or effect of a judgment.

The question of the effect of statutory judgments on bonds has, on several occasions, been considered by this Court. In James *et al* v. Administrator of Reynolds, (2 Tex. R. 250,) it was held that summary judgments on bonds, when declared by Statute to have on forfeiture the force and effect of a judgment, are not in derogation of the right of trial by jury, or other constitutional right ; and in one of the later cases, viz. : Austin v. Townes, (10 Tex. R. 24,) it was said, " that Statute judg- " ments are valid judgments in law, cannot at this day be ques- " tioned."

It is true, that the Statute does not in terms declare that a delivery bond returned indorsed by the Sheriff as " forfeited," shall have the force and effect of a judgment, but it does what is equivalent, it authorizes execution to issue against the principal and sureties in such bond. We cannot well conceive of an execution without a judgment; or, if there can be such an anomaly, the bond, or by whatever name the document (on which the execution issues) may be called, must have equivalent force and effect with a judgment. If land were levied upon and sold under an execution issued on a forfeited delivery bond, would not the purchasers have as valid a title under the Statute as it now stands, as he would have if it had been expressly declared by the Statute, that the delivery bond on for-

feiture, should have the force and effect of a judgment? The only inquiry in either case would be, was the bond forfeited, and did execution issue; and whether the Statute had declared that the bond should be a judgment or not, would be wholly immaterial. If execution was authorized, the bond would be in effect a judgment, whether so declared by Statute or not. On some statutory bonds, the Courts are authorized to pronounce summary judgment. Some are declared on forfeiture to have the force and effect of a judgment. On appeal and writ of error bonds the Supreme Court is authorized, on affirmance, to render judgment not only against the appellants, but also against their securities in the appeal bonds.

But all these statutory bonds have a like force and effect, whether summary judgment be pronounced on them by a Court; whether they be declared by Statute to have the force of a judgment; or whether execution goes upon them immediately, without any declaration that they have become judgments in fact or effect.

Forthcoming bonds, injunction bonds, and twelve months bonds, in the case of Austin v. Townes, were said to be of a kindred character, and to belong to the same class.

The bond in this case being a judgment in effect, or equivalent to a judgment, there is no doubt that it can be revived by scire facias, and that execution can be had against the principal and sureties in the said bond.

One of the exceptions of the defendant Hall is, that the cause of action, accruing on this bond, was barred by the four years limitation.

But this is fully answered by the case of Austin v. Townes, where it was held that a forfeited bond, having the force and effect of a judgment, is not barred by four, but may be sued upon within ten years, the limit prescribed by Statute to actions on judgments.

Upon the whole we are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.